NO. 11-7427

---

IN THE

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

---

WILLIAM SCOTT MACDONALD,

*Petitioner - Appellant*

v.

TIM MOOSE,

*Respondent - Appellee*

and

KEITH HOLDER,

*Respondent*

---

ON APPEAL FROM AN ORDER OF

The Honorable Gerald Bruce Lee,

United States District Court for the Eastern District of Virginia

---

BRIEF OF APPELLANT

---

Benjamin E. Rosenberg
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 698-3500
Facsimile:  (212) 698-3599

Joshua D. N. Hess
DECHERT LLP
One Maritime Plaza, Suite 2300
San Francisco, CA 94111
Telephone:  (415) 262-4500
Facsimile:  (415) 262-4555

*Attorneys for Petitioner-Appellant*

# **TABLE OF CONTENTS**

Page

JURISDICTIONAL STATEMENT ...................................................1

STATEMENT OF ISSUES .................................................................1

STATEMENT OF THE CASE ............................................................1

STATEMENT OF THE FACTS ..........................................................4

SUMMARY OF THE ARGUMENT ...................................................6

STANDARD OF REVIEW .................................................................8

ARGUMENT .......................................................................................8

    I.    Virginia's Sodomy Law – Code Ann. § 18.2-361(A) – Is Facially Unconstitutional ................................................8

        A.    The Rationale Of *Lawrence v. Texas* Compels The Conclusion That Virginia's Sodomy Law Is Facially Invalid ..................................................9

        B.    MacDonald Has Standing To Assert The Facial Invalidity Of Section 18.2-361(A) ...............................13

    II.    Section 18.2-361(A) Is Unconstitutional As Applied To MacDonald ....................................................................16

        A.    The Courts' Revision Of Section 18.2-361(A) Impermissibly Rewrote The Statute Contrary To Legislative Intent .......................................................16

        B.    The Virginia Courts' Revision Of Section 18.2-361(A) Violated MacDonald's Due Process Right To Adequate Notice ......................................................20

        C.    The Virginia Courts' Revision Of Section 18.2-361(A) Violates The Equal Protection Clause Because It Disproportionately Penalizes Sodomy Without Any Rational Basis ........................................22

        D.    The Irrationality Of The Virginia Courts' Revision Of Section 18.2-361(A) Is Demonstrated By Other Constitutional Infirmities ...............................25

# <u>TABLE OF CONTENTS</u>
### (continued)

Page

1. The Due Process Rights Of Persons Between 15 And 18 Years Old Have Been Violated ................................................................. 25

2. Section 18.2-361(A) As Applied Impermissibly Discriminates Against Same-Sex Couples .......................................................... 27

III. The District Court Wrongly Determined That MacDonald's Due Process And Equal Protection Challenges Were Procedurally Defaulted ........................................................ 28

CONCLUSION ............................................................................. 30

# TABLE OF AUTHORITIES

Page

**CASES**

*Ayotte v. Planned Parenthood of N. New England*,
546 U.S. 320 (2006)....................................................................16, 17

*Barrow v. Jackson*,
346 U.S. 249 (1953)....................................................................13, 15

*Bouie v. City of Columbia*,
378 U.S. 347 (1964)..........................................................................20

*Bowers v. Hardwick*,
478 U.S. 186 (1986)....................................................................*passim*

*Carey v. Population Services Int'l*,
431 U.S. 678 (1977)....................................................................25, 27

*Cleburne v. Cleburne Living Center, Inc.*,
473 U.S. 439 (1985)..........................................................................22

*Devlin v. Scardelletti*,
536 U.S. 1 (2002)..............................................................................14

*Eisenstadt v. Baird*,
405 U.S. 438 (1972)..........................................................................14

*Gray v. Branker*,
529 F.3d 220 (4th Cir. 2008) .............................................................8

*Griswold v. Connecticut*,
381 U.S. 479 (1965)..........................................................................27

*Harris v. Reed*,
489 U.S. 255 (1989)..........................................................................29

*Kokoszka v. Bedford*,
417 U.S. 642 (1974)..........................................................................19

*Kowalski v. Tesmer*,
543 U.S. 125 (2004)..........................................................................15

## TABLE OF AUTHORITIES
(cont'd)

Page

*Lawrence v. Texas,*
   539 U.S. 558 (2003) .................................................................*passim*

*Marks v. United States,*
   430 U.S. 188 (1977) ......................................................................20

*McDonald v. Commonwealth,*
   48 Va. App. 325 (2006) ...............................................................13

*McDonald v. Commonwealth,*
   630 S.E.2d 754 (Va. App. 2006) ................................................3, 9

*McDonald v. Commonwealth,*
   645 S.E.2d 918 (Va. 2007) ..........................................................15

*People v. Hofsheier,*
   129 P.3d 29 (Cal. 2006) ..........................................................23, 24

*Planned Parenthood of Central Missouri v. Danforth,*
   428 U.S. 52 (1976)........................................................................25

*Preston v. Leake,*
   660 F.3d 726 (4th Cir. 2011) .......................................................10

*PSINet, Inc. v. Chapman,*
   362 F.3d 227 (4th Cir. 2004) .......................................................17

*Rabe v. Washington,*
   405 U.S. 313 (1972).....................................................................21

*Reliable Consultants, Inc. v. Earle,*
   517 F.3d 738 (5th Cir. 2008) .......................................................18

*Romer v. Evans,*
   517 U.S. 620 (1996).....................................................................22

*Slayton v. Parrigan,*
   215 Va. 27 (1974) ...................................................................28, 29

*State v. Limon,*
   122 P.3d 22 (Kan. 2005).........................................................23, 24

# TABLE OF AUTHORITIES
## (cont'd)

Page

*Strickland v. Washington*,
    466 U.S. 668 (1984)...........................................................29

*Thomas v. Davis*,
    192 F.3d 445 (4th Cir. 1999) ..........................................30

*Towers v. Ohio*,
    499 U.S. 400 (1991)...........................................................15

*United States v. Raines*,
    362 U.S. 17 (1960).....................................................14, 15

*United States v. Stevens*,
    130 S. Ct. 1577 (2010)..............................................10, 14

*Virginia v. American Booksellers Ass'n, Inc.*,
    484 U.S. 383 (1988)...........................................................17

*Williams v. Taylor*,
    529 U.S. 362 (2000)...........................................................8

**STATUTES**

28 U.S.C. § 2253.......................................................................1

28 U.S.C. § 2254.......................................................................8

Ga. Code Ann. § 16-6-2 (1984) ...........................................10

Va. Code Ann. § 8.01-654 ............................................28, 29

Va. Code Ann. § 9.1-902 .......................................................23

Va. Code Ann. § 16.1-228 ..........................................2, 19, 22

Va. Code Ann. § 18.2-29 ...............................................*passim*

Va. Code Ann. § 18.2-63 .......................................................20

Va. Code Ann. § 18.2-361 .............................................*passim*

Va. Code Ann. § 18.2-370 ............................................18, 20

## <u>TABLE OF AUTHORITIES</u>
(cont'd)

Page

Va. Code Ann. § 18.2-371 ...............................................................*passim*

**OTHER AUTHORITIES**

Fed. R. App. P. 22(b) ...................................................................1

## JURISDICTIONAL STATEMENT

Jurisdiction is proper pursuant to 28 U.S.C. § 2253(c). The district court's denial of Appellant William S. MacDonald's petition for writ of habeas corpus on September 26, 2011 was a final order. Joint Appendix ("JA") at 400. MacDonald filed a timely notice of appeal of that order. JA 414. This Court issued the required certificate of appealability on April 17, 2012. *See* Fed. R. App. P. 22(b); JA at 432.

## STATEMENT OF ISSUES

This Court certified the following issues on appeal:

**1.** Is Virginia Code § 18.2-361(A) unconstitutional, either facially or as applied to the Appellant, in light of the United States Supreme Court's decision in *Lawrence v. Texas*, 539 U.S. 558 (2003), or any other grounds?

**2.** Is the Commonwealth of Virginia's interpretation of Virginia Code § 18.2-361(A) in violation of the Ex Post Facto Clause of the United States Constitution, or otherwise constitutionally impermissible?

**3.** Did the Commonwealth of Virginia hold that any of Appellant's claims were procedurally defaulted and, if so, were those rulings adequately premised on the record?

## STATEMENT OF THE CASE

This petition for writ of habeas corpus arises from MacDonald's conviction on August 5, 2005 of one count of soliciting a minor to commit a felony (Va. Code

Ann. § 18.2-29)[1] and one count of contributing to the delinquency of a minor (Va.

Code Ann. § 18.2-371).[2]  The trial court denied MacDonald's motion to dismiss

the charges on the ground that Virginia's sodomy law (Section 18.2-361(A)),[3]

which was the predicate offense for the charges against him, was invalidated by the

U.S. Supreme Court's decision in *Lawrence v. Texas*.  JA 111-12; *see also* JA 007-

029.  In its two-page letter opinion, the trial court held that MacDonald did not

---

[1]  At the time, Virginia Code § 18.2-29 stated (with the operative portion of the statute in bold):  "Any person who commands, entreats, or otherwise attempts to persuade another person to commit a felony other than murder, shall be guilty of a Class 6 felony. **Any person age eighteen or older who commands, entreats, or otherwise attempts to persuade another person under age eighteen to commit a felony other than murder, shall be guilty of a Class 5 felony.**  Any person who commands, entreats, or otherwise attempts to persuade another person to commit a murder is guilty of a felony punishable by confinement in a state correctional facility for a term not less than five years or more than forty years." (emphasis added).

[2]  At the time, Virginia Code § 18.2-371 stated, in relevant part (with the operative portion of the statute in bold):  "**Any person eighteen years of age or older**, including the parent of any child, **who** (i) **willfully contributes to, encourages, or causes any act, omission, or condition which renders a child delinquent, in need of services, in need of supervision, or abused or neglected as defined in § 16.1-228**, or (ii) engages in consensual sexual intercourse with a child fifteen or older not his spouse, child, or grandchild, shall be guilty of a Class 1 misdemeanor." (emphasis added).

[3]  At the time, Virginia Code § 18.2-361(A) stated in relevant part (with the operative portion of the statute in bold):  "**If any person** carnally knows in any manner any brute animal, or **carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge, he or she will be guilty of a Class 6 felony**, except as provided in subsection B."  Subsection B provides for harsher penalties for the same conduct committed between immediate family members. (emphasis added).

have standing to challenge the facial validity of Section 18.2-361(A) because the case "involved minors" and the court would "not extend a liberty to one who violates another's liberty." JA 111-12. MacDonald filed a timely appeal to the Virginia Court of Appeals, which affirmed his convictions in an unpublished opinion. JA 152. Incorporating by reference an opinion from a related case involving MacDonald,[4] the Virginia Court of Appeals agreed that MacDonald lacked standing to raise a facial challenge to Section 18.2-361(A) because he could not show an injury in fact. JA 154-55.

The court also rejected MacDonald's as-applied challenge on the ground that *Lawrence* did not invalidate Section 18.2-361(A) with respect to "minors," which it defined as those less than 18 years old. *Id*. In so holding, the court of appeals adopted the reasoning from the related case that even after *Lawrence* an adult who engaged in oral sex with a 17-year old would be guilty under Section 18.2-361(A). *McDonald*, 630 S.E.2d at 757. The reasoning was slightly askew, however, because the issue before both the trial court and court of appeals was not whether MacDonald had committed a criminal act by engaging in oral sex with a 17-year old (he had not, for he and his companion had not engaged in any sexual relations), but whether he had solicited a minor to engage in a felonious act. Thus, in affirming MacDonald's convictions the court of appeals tacitly, but necessarily,

---

[4] *McDonald v. Commonwealth*, 630 S.E.2d 754 (Va. App. 2006).

3

determined that Section 18.2-361(A) made it a felony for a 17-year old to engage in oral sex.

The Virginia Supreme Court declined to hear an appeal of that decision. JA 208.

MacDonald subsequently filed a timely petition for writ of habeas corpus to the Virginia Supreme Court, which was denied by letter order on October 21, 2008. JA 209-45; 254. MacDonald then timely petitioned the U.S. District Court for the Eastern District of Virginia for writ of habeas corpus. JA 272. The district court denied the petition on September 26, 2011. JA 400-13. MacDonald filed a timely notice of appeal of that order to this Court (JA 414), which granted a certificate of appealability. JA 432.

## STATEMENT OF THE FACTS

During a two-day bench trial evidence was presented that sometime in or about 2004, MacDonald, then 47 years old, became acquainted with A.J., a female, then 17 years old, through a mutual acquaintance at the Prince George Fire Department, where MacDonald was a volunteer. JA 048, 401. On or about September 23, 2004, MacDonald met A.J. in a parking lot and she drove him to her grandmother's house, where she said she needed to retrieve a book. JA 051, 401. A.J. testified that when she returned to the car, MacDonald asked her to perform oral sex and then pointed to a nearby shed and suggested they go there to "have

4

sex." *Id*. A.J. testified that she declined and they both drove back to the parking lot. Upon their return to the parking lot, MacDonald began to kiss and "grope" her, but she declined his advances. JA 052, 401. The two departed and drove home separately. *Id*.

On July 5, 2005, MacDonald was indicted on two counts. The first count charged him with soliciting a minor to commit a felony in violation of Virginia Code § 18.2-29, and the second count charged him with contributing to the delinquency of a minor in violation of Virginia Code § 18.2-371. JA 029-30. The indictments did not specify either the underlying felony or the delinquency, but the Commonwealth's theory of prosecution at trial was that MacDonald was guilty because he encouraged illegal behavior on the part of A.J., and the only illegality referred to at trial was Section 18.2-361(A).[5]

MacDonald was convicted on both counts. JA 124. For solicitation of a minor to commit a felony, MacDonald received the maximum 10-year sentence

---

[5] At trial, the Commonwealth represented that the contributing to the delinquency of a minor charge could stand because "[a]ny sort of behavior which on [MacDonald's] behalf or by him which would encourage [A.J.] to break the law should suffice" to support a conviction. JA 108. The only attempted crime for which evidence was expressly presented was Section 18.2-361(A). The warrant for the charge of soliciting a minor to commit a felony identified the same statute. JA 004. The warrant for the charge of contributing to the delinquency of a minor did not specify an underlying statute, but the Commonwealth's case-in-chief against MacDonald demonstrates that Section 18.2-361(A) was also the predicate for that offense. *See, e.g.*, JA 047-56; 107-08.

with 9 years suspended.  JA 124-25.  For contributing to the delinquency of a

minor, he was sentenced to 12 months, with 6 months suspended.  *Id*.  MacDonald

was also required to register as a convicted sex offender.  JA 125.

## SUMMARY OF THE ARGUMENT

MacDonald's convictions under Sections 18.2-29 and 18.2-371 were

improper because the predicate act for each charge—Section 18.2-361(A)—is

unconstitutional both on its face and as applied.

The Supreme Court's decision in *Lawrence v. Texas*, 539 U.S. 558 (2003)

commands that Section 18.2-361(A) be found facially invalid.  That case struck

down Texas's sodomy law on due process grounds because the law "further[ed] *no

legitimate state interest* which can justify its intrusion into the personal and private

life of the individual."   *Lawrence* at 579 (emphasis added).  The *Lawrence* Court

found that the historical moral condemnation of sodomy was not a rational basis to

infringe upon the right of individuals to engage in private, consensual conduct.

Section 18.2-361(A) is broader and more punitive than the Texas statute at

issue in *Lawrence*.  Section 18.2-361(A) purports to make all sodomy felonious,

whereas the Texas statute applied only to sodomy between partners of the same

sex, and made such conduct a misdemeanor.  *See Lawrence*, 539 U.S. at 563, 575.

Thus, Section 18.2-361(A) infringes even more significantly upon the right to

privacy than did the statute at issue in *Lawrence*.  After *Lawrence*, it is clear that

Section 18.2-361(A) has no legitimate sweep to save it from total invalidation. Even if any part of Section 18.2-361(A) had validity after *Lawrence*, it would be unconstitutional as applied to MacDonald's case for at least four reasons:

*First,* the Virginia courts impermissibly rewrote Section 18.2-361(A) in an attempt to save it from invalidation by *Lawrence*. In doing so, the courts improperly usurped the General Assembly's power to draft laws and revised Section 18.2-361(A) without any reference to the General Assembly's intent. Indeed, the courts' revision actually runs counter to legislative intent as clearly expressed elsewhere in the Virginia Code.

*Second*, the Virginia courts' rewriting of Section 18.2-361(A) in order to convict MacDonald deprived him of his due process right to fair notice of the crime with which he was charged. The activity at issue in this case occurred after the Supreme Court decided *Lawrence*, and in light of *Lawrence* MacDonald could not have reasonably understood that his behavior was criminal under Section 18.2.361(A).

*Third*, the Virginia courts' revision of Section 18.2-361(A) violated MacDonald's right to equal protection by irrationally punishing the solicitation of sodomy 10 times as harshly as the solicitation of sexual intercourse.

*Fourth*, Virginia courts' revision of Section 18.2-361(A) violates the substantive due process and equal protection rights of minors.

Finally, the district court erred in finding that MacDonald's equal-protection and "ex post facto" arguments were procedurally defaulted.

## STANDARD OF REVIEW

This Court's "review is *de novo* when a district court's decision on a petition for a writ of habeas corpus is based on a state record." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008). A federal court grants habeas relief on a claim adjudicated in state court when that decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

## ARGUMENT

I. **Virginia's Sodomy Law – Va. Code Ann. § 18.2-361(A) – Is Facially Unconstitutional**

Virginia's sodomy law, Section 18.2-361(A), is facially unconstitutional in light of the Supreme Court's decision in *Lawrence v. Texas*, 539 U.S. 558 (2003). The Virginia courts refused to consider the facial unconstitutionality of the statute because they unreasonably applied a prudential standing rule. Because the rationale of *Lawrence* undermines the validity of Virginia's sodomy law, and MacDonald has sustained a direct injury as a result that law's application to him,

the Virginia courts erred both in declining to consider MacDonald's facial

challenge and failing to strike down the statute.

### A. The Rationale Of *Lawrence v. Texas* Compels The Conclusion That Virginia's Sodomy Law Is Facially Invalid

In holding that Texas's sodomy law violated the Due Process Clause,

*Lawrence* established that *any* statute that infringes on consensual and private

sexual acts "furthers no legitimate state interest which can justify its intrusion into

the personal and private life of the individual." *Id*. at 578. *Lawrence* struck down

Texas's sodomy statute on due process grounds, specifically declining to decide

the case on equal protection grounds because to do so might lead some erroneously

to understand that the "prohibition would be valid if drawn differently. . . ." *Id*. at

575. The Court did not save any part or application of the statute that might have

been valid.

Notwithstanding *Lawrence*'s broad sweep, the Virginia courts seized on

*Lawrence*'s *dictum* that "[t]he present case does not involve minors" to limit the

invalidation of Virginia's sodomy law only to the extent it applies to "adults." *See*

*McDonald v. Virginia*, 630 S.E.2d 754, 757 (Va. App. 2006) (quoting *Lawrence*,

539 U.S. at 578); *see also* JA 153-54, 407-8. The Virginia courts reasoned that

because MacDonald's behavior involved a 17-year old, the statute as applied to

MacDonald did not run afoul of *Lawrence*.

9

These courts' analyses are inconsistent with that of the Supreme Court in *Lawrence*. The *Lawrence* Court did *not* preserve those applications of Texas's law to the extent it would apply to "minors" or in any other circumstance. It invalidated the law *in toto*. The Supreme Court has established that a facial attack is proper where a statute "lacks any plainly legitimate sweep." *United States v. Stevens*, 130 S. Ct. 1577, 1587 (2010) (citations and quotations omitted); *accord Preston v. Leake*, 660 F.3d 726, 738 (4th Cir. 2011). After *Lawrence*, it is clear that Section 18.2-361(A) "lacks any plainly legitimate sweep" and is thus facially invalid.

The reach of *Lawrence* is confirmed by its overruling of *Bowers v. Hardwick*, 478 U.S. 186 (1986). *Bowers* involved a facial challenge to Georgia's sodomy statute, which, like Virginia's, applied to all acts of sodomy. *See* Ga. Code Ann. § 16-6-2(a)(1) (1984) ("A person commits the offense of sodomy when he performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another."). Hardwick had been arrested under that statute, but was not ultimately prosecuted, and he subsequently brought a declaratory relief action in federal court seeking to invalidate the statute on its face. *Bowers*, 478 U.S. at 187-88. The Court upheld the statute in a 5-4 decision, holding that there was no constitutionally protected right to "homosexual sodomy." *Id*. at 189, 196. In its final sentence, the *Bowers* Court recognized that it was being

10

called upon to invalidate all sodomy laws throughout the nation: "We do not agree [that majority sentiments about homosexuality are inadequate to justify criminal sodomy laws], and are unpersuaded that *the sodomy laws of some 25 States should be invalidated on this basis*." *Id*. at 196 (emphasis added).

*Lawrence* conclusively rejected *Bowers*. 539 U.S. at 574-75. In its place, the Court adopted the rationale presented by Justice Stevens in his dissent in *Bowers*. *Id*. at 578 ("Justice Stevens' analysis, in our view, should have been controlling in *Bowers* and should control here."). Specifically, the Court quoted the following passage that responded to the final sentence of *Bowers* quoted above:

> Our prior cases make two propositions abundantly clear. First, *the fact that the governing majority in a State has traditionally viewed a particular practice as immoral is not a sufficient reason for upholding a law prohibiting a practice* . . . . Second, individual decisions by married persons, concerning the intimacies of their physical relationship, even when not intended to produce offspring, are a form of "liberty" protected by the Due Process Clause of the Fourteenth Amendment. Moreover, this protection extends to intimate choices by unmarried as well as married persons.

*Id*. at 577-578 (emphasis added). These propositions were in response to the question of whether a State may "totally prohibit the described conduct by means of a neutral law applying without exception to all persons subject to its jurisdiction[.]" *Bowers*, 478 U.S. at 216. Justice Stevens—and the *Lawrence* Court by extension—determined that a State could not do so in the case of sodomy.

Justice Stevens' *Lawrence*-endorsed dissent in *Bowers* also found that a State could not save a neutral sodomy statute through selective application. Yet, that is precisely what the Virginia courts attempted to do in MacDonald's case. "If the [ ] statute cannot be enforced *as it is written* – if the conduct it seeks to prohibit is a protected form of liberty for the vast majority of Georgia's citizens – *the State must assume the burden of justifying a selective application of the law*." *Id*. at 218 (emphases added). That burden can be met only if there is "a reason why the State may be permitted to apply a generally applicable law to certain persons that it does not apply to others." *Id*. Justice Stevens observed that no such reason existed in *Bowers*—and *Lawrence* by extension—because Georgia "enacted a law that presumably reflects the belief that *all* sodomy is immoral and unacceptable." *Id*. at 219. "Unless the Court is prepared to conclude that such a law is constitutional," which *Lawrence* foreclosed, "it *may not* rely on the work product of the Georgia Legislature to support its holding." *Id*. (emphasis added). No other rationale has been proffered by the Virginia courts, much less the General Assembly, to apply Virginia's sodomy law selectively.

Particularly when read together with Justice Stevens' dissent in *Bowers*, which it expressly adopts, *Lawrence* compels the conclusion that Section 18.2-361(A) is facially invalid. Virginia's law, like Georgia's, seeks to ban all sodomy and thereby "presumably reflects the belief that all sodomy is immoral and

unacceptable," which *Lawrence* instructs is irredeemably illegitimate.  Because

*Bowers* was "not correct when it was decided," 534 U.S. at 574, and certainly was

not correct after *Lawrence* was decided in 2003, Section 18.2-361(A) had no force

when MacDonald engaged in the acts giving rise to the prosecution or when he

was convicted in 2005.  His conviction based on that statute must therefore be

reversed.

### B.    MacDonald Has Standing To Assert The Facial Invalidity Of Section 18.2-361(A)

Although this Court did not explicitly seek briefing on the issue, each of the

courts below improperly avoided the mandate of *Lawrence* by holding that

"MacDonald lacked standing to challenge the facial constitutionality of Va. Code

§ 18.2-361(A)."  JA 407 (upholding Virginia Court of Appeals' decision).  This

holding is contrary to controlling federal authority.

In refusing even to consider MacDonald's facial challenge to Virginia's

sodomy statute, the Virginia courts invoked the rule of practice that litigants may

typically "challenge the constitutionality of a statute only insofar as it has an

adverse impact on his own rights."  *McDonald v. Commonwealth*, 48 Va. App.

325, 329 (2006) (quoting *County Court of Ulster County v. Allen*, 442 U.S. 140

(1979)); JA 111, 153, 407.  This rule of practice is a prudential one and is not of

constitutional dimension.  *See Barrow v. Jackson*, 346 U.S. 249, 257 (1953)

(distinguishing constitutional standing from self-imposed "rule(s) of practice").

13

The Supreme Court has recognized that prudential standing should not be mechanically applied, but only in accordance with the judicial interests being served. *See, e.g.*, *Devlin v. Scardelletti*, 536 U.S. 1, 7 (2002) (holding prudential standing restriction inapplicable to bar unnamed class member to appeal a class settlement); *Eisenstadt v. Baird*, 405 U.S. 438, 444-45 (1972) (holding liberty interest in permitting access to contraception required grant of third-party standing).

As such, the prudential rule must give way "where the statute in question has already been declared unconstitutional in the vast majority of its intended applications, and it can fairly be said that it was not intended to stand as valid, on the basis of fortuitous circumstances, only in a fraction of the cases it was originally designed to cover." *United States v. Raines*, 362 U.S. 17, 523-24 (1960) (citing *Butts v. Merchants & Miners Transportation Co.*, 230 U.S. 126 (1913)); *see also Stevens*, 130 S. Ct. at 1587 (recognizing that facial challenge is appropriate where statute lacks "plainly legitimate sweep").[6] This case falls squarely under this rule. As the Virginia Supreme Court has recognized, *Lawrence* invalided

---

[6] Another circumstance in which the prudential standing rule must give way is where the challenged interpretation of "a criminal statute would necessitate such a revision of its text as to create a situation in which the statute no longer gave intelligible warning of the conduct it prohibited." *Raines*, 362 U.S. at 523 (citing *United States v. Reese*, 92 U.S. 214, 219 (1875)). As discussed below in Part II. B, *infra*, that circumstance also applies here.

Section 18.2-361(A) in the vast majority of its intended consequences.  *See*

*McDonald v. Commonwealth*, 645 S.E.2d 918, 923 (Va. 2007) (acknowledging

that *Lawrence* invalidates Section 18.2-361(A) as applied to private, consensual

sexual conduct among "adults").  Thus, it "cannot be fairly said" that Section 18.2-

361(A) was intended to stand as valid in whatever remaining cases it might have

been "originally designed to cover."  *Raines*, 362 U.S. at 524.

Moreover, the prudential standing rule is meant to avoid "abstract questions"

and "unnecessary" judicial intervention.  *Kowalski v. Tesmer*, 543 U.S. 125, 129

(2004).  These purposes would not be served here, for the questions before the

Court are not "abstract."  To the contrary, they are clearly delineated and

appropriate for the Court's consideration.  Judicial intervention is not

"unnecessary," for issuance of the writ of habeas corpus would relieve MacDonald

of the restrictions on his liberty that he suffers on account of his convictions.  It is

enough for MacDonald to assert as a matter of law that the application of the

statute to him would result (and has resulted) in a 10-year prison sentence and the

requirement that he register as a sex offender.  *See, e.g.*, *Barrows*, 346 U.S. at 255-

56 (holding prudential standing rule regarding third-party rights "has no

application" where "a judgment against respondent would constitute a direct . . .

injury"); *Towers v. Ohio*, 499 U.S. 400, 411 (1991) (holding petitioner has

standing to challenge disqualification of jurors based on race in his criminal trial because of "concrete interest" in "integrity of judicial process").

The Virginia courts determined that MacDonald suffered no direct injury because he "was an adult who was trying to engage in sodomy with a minor, and such behavior is not constitutionally protected." JA 407 (citing Virginia Court of Appeals). As noted above, MacDonald is suffering from injury, his criminal conviction and the consequences therefrom. The lower courts' determination impermissibly presumes that MacDonald was convicted lawfully, which is precisely the question that this case must answer.

## II.    Section 18.2-361(A) Is Unconstitutional As Applied To MacDonald

Even if Section 18.2-361(A) were not facially unconstitutional, it is unconstitutional as applied to MacDonald. The Virginia courts' revision and application of that statute to MacDonald is irrational and runs afoul of constitutional guarantees. Indeed, the numerous constitutional faults arising from the Virginia courts' application of this statute to MacDonald underscore that the appropriate remedy here is the facial invalidation of Section 18.2-361(A).

### A.    The Courts' Revision Of Section 18.2-361(A) Impermissibly Rewrote The Statute Contrary To Legislative Intent

Although a court must "try not to nullify more of a legislature's work than is necessary" when an application or portion of a statute is found unconstitutional, it cannot "use its remedial powers to circumvent the intent of the legislature." *Ayotte*

*v. Planned Parenthood of N. New England*, 546 U.S. 320, 329-30 (2006) (quoting *Califano v. Westcott*, 443 U.S. 76, 94 (1979) (Powell, J., concurring); other citations omitted).  Importantly, courts cannot "rewrite a state law to conform it to constitutional requirements" in their attempts to salvage it.  *Virginia v. American Booksellers Ass'n, Inc.*, 484 U.S. 383, 397 (1988).  *See also Ayotte*, 546 U.S. at 329; *PSINet, Inc. v. Chapman*, 362 F.3d 227, 236 (4th Cir. 2004) ("Narrowing constructions are only appropriate when the text or other source of Congressional intent identifies a clear line that a court could draw.  Courts must be careful not to invade upon the legislative domain and a court should *never* rewrite a law to conform it to constitutional requirements." (citations and quotation marks omitted) (emphasis added)).

But that is precisely what the Virginia courts did in this case.  Based on nothing more than the Supreme Court's *dictum* in *Lawrence* that the case "[did] not involve minors," the courts rewrote Section 18.2-361(A), which banned *all* sodomy, so that it applied only to sodomy involving persons under the age of 18 years.  The courts' re-writing of the statute wrongly "substitute[s] the judicial for the legislative department of the government" and creates a "dangerous" precedent to encourage legislatures to "'set a net large enough to catch all possible offenders, and leave it to the courts to step inside' to announce to whom the statute may be

applied." *Ayotte*, 546 U.S. at 330 (quoting *United States v. Reese*, 92 U.S. 214, 221 (1876)).

There is no evidence that the General Assembly would have wanted Section 18.2-361(A) revised in this manner. As noted above, the statutory text plainly demonstrates Virginia's constitutionally impermissible intent to ban *all* sodomy. Under *Lawrence*, that intent cannot support the Virginia courts' revision. *See Lawrence*, 539 U.S. at 578; *Bowers*, 478 U.S. at 219 (Stevens, J., dissenting).[7]

Even worse, the Virginia courts' revision of the statute is contrary to the Virginia General Assembly's clear intent, as expressed in another statute. The General Assembly has passed a specific law prohibiting the solicitation of sodomy from a minor, Va. Code Ann. § 18.2-370(A), which provides that it is a felony for someone more than 18 years old to propose sodomy to "any child *under the age of 15 years*. . . ." *Id*. (emphasis added). That statute was not applicable to MacDonald because A.J. was 17 years old. By revising the statute as they did in this case, the Virginia courts effectively criminalized an adult's solicitation of sodomy from a person under the age of 18, even though the General Assembly had criminalized such behavior only when the person solicited was under the age of 15.

---

[7] The Fifth Circuit invalidated a Texas law prohibiting the sale of sexual devices under *Lawrence* holding that "the State's generalized concern for children does not justify such a heavy-handed restriction on the exercise of a constitutionally protected individual right." *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 746 (5th Cir. 2008).

That is, the Virginia courts' revisions of Section 18.2-361(A) are not only unsupported by any evidence that the revisions comport with the intent of the General Assembly, they contradict the best evidence of the General Assembly's actual intent. *See Kokoszka v. Bedford*, 417 U.S. 642, 650 (1974) ("When interpreting a statute, the court will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute (or statutes on the same subject) . . . and give to it such a construction as will carry into execution the will of the Legislature . . . .") (internal quotations omitted).

The Virginia courts' revision of the statute is impermissible for another reason as well.  Both statutes under which MacDonald was convicted made it a crime to persuade or solicit a person under the age of 18 years to commit a crime; that is, both statutes require as a condition precedent to MacDonald's conviction that the ***minor's conduct*** (*i.e.* A.J.'s) must be a criminal.[8]  So, in holding that Section 18.2-361(A) applies to "minors" in this case, the Virginia courts necessarily revised the statute to read:  "if any person ***under the age of 18*** [engages in sodomy], he or she shall be guilty of a Class 6 felony. . . ."  *Id*.  But this

---

[8] Section 18.2-29 prohibits "attempts to persuade *another person under age eighteen to commit a felony* other than murder. . . ."  *Id*. (emphasis added). Section 18.2-371 prohibits acts or encouragement "which renders a child delinquent . . . as defined in § 16.1-228. . . ."  That statute, in relevant part, defines a "Delinquent Act" as "an act designated a crime under the law of this Commonwealth, or an ordinance of any city, county, town or service district, or under federal law. . . ."  Va. Code Ann. § 16.1-228.

singular construction is at odds with the intent of the General Assembly, articulated

repeatedly throughout the Virginia Code, which criminalizes sexual conduct of

those *over* age 18 with respect to younger persons, not the other way around. *See,*

*e.g.*, Va. Code Ann. § 18.2-63 (prohibiting carnal knowledge of those under the

age 15); § 18.2-370 (prohibiting only those over 18 of certain "indecent" acts with

those under 15, including soliciting sodomy); §§ 18.2-370.1-370.6 (outlining sex

offenses that prohibit perpetrators from being near children, schools).

### B. The Virginia Courts' Revision Of Section 18.2-361(A) Violated MacDonald's Due Process Right To Adequate Notice[9]

The Virginia courts' revision of Section 18.2-361(A), and by extension

Sections 18.2-29 and 18.2-371, did not give MacDonald fair notice that his conduct

was criminal in light of *Lawrence*. The judicial gerrymandering of these statutes to

encompass MacDonald's conduct– and A.J.'s–violated the due process

requirement that a judicial construction of a criminal statute cannot be "unexpected

and indefensible by reference to the law which had been expressed prior to the

conduct at issue. . . ." *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964).

---

[9] Based upon MacDonald's Request for Certificate of Appealability (JA 415), this Court requested that the parties address "whether the Commonwealth's construction of the statute to convict MacDonald of sodomy violated the Ex Post Facto Clause, or was otherwise constitutionally impermissible . . . ." JA 432. The Ex Post Facto Clause limits only legislative action, but the principle that persons have a right to fair warning of conduct that will give rise to criminal penalties "is protected against judicial action by the Due Process Clause of the Fifth Amendment." *Marks v. United States*, 430 U.S. 188, 191-92 (1977).

As discussed in the prior section, the Virginia courts necessarily (and improperly) revised Section 18.2-361(A) by making it a crime for A.J. to engage in sodomy because she was less than 18 years of age. In order for MacDonald to expect that Section 18.2-361(A) would be saved from *Lawrence* in this manner, he would have needed to understand that *Lawrence*'s *dicta* that it "does not involve minors" meant that the Supreme Court was sanctioning the criminal prosecution of sodomy by persons under age 18. Even the Virginia courts here did not understand this to be the case, but instead erroneously focused on whether the sodomy statute could constitutionally punish *an adult* (MacDonald) for having oral sex with a minor, which was not at issue. *See* JA 111 (focusing on MacDonald's conduct with A.J.); JA 153-54 (adopting interpretation to permit conviction of MacDonald of engaging in sodomy with a minor and citing cases involving prosecution of adult for conduct with minor).

MacDonald could not have been on notice that A.J.'s conduct (and thereby his solicitation of it) would have been criminal. Support for the courts' revision of Section 18.2-361(A) is found nowhere in the statute's text or its legislative history, nor can it be reasonably divined from *Lawrence* or any other prior judicial interpretations of the statute. *See Rabe v. Washington*, 405 U.S. 313, 314-16

(1972) (reversing obscenity conviction where defendant "not given fair notice that the location of the exhibition was a vital element of the offense").[10]

### C. The Virginia Courts' Revision Of Section 18.2-361(A) Violates The Equal Protection Clause Because It Disproportionately Penalizes Sodomy Without Any Rational Basis

The Equal Protection Clause directs that "all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). If a State law affects similarly situated groups in an unequal manner, then the distinction drawn by the statute must be at least "rationally related to a legitimate state interest." *Id*. at 440; *Romer v. Evans*, 517 U.S. 620, 632 (1996). In this case, the Virginia courts have revised Section 18.2-361(A) such that it is a Class 5 felony for an adult to solicit sodomy with someone under age 18, but it is

---

[10] The courts' revision of Section 18.2-361(A) also has unintended and unpredictable consequences with respect to the contributing to the delinquency of a minor charge (Section 18.2-371). Under the relevant statutes as currently written, conduct that is "otherwise lawful, but is designated a crime only if committed by a child" is not a "delinquent act" for purposes of Section 18.2-371. Va. Code Ann. § 16.1-228. Virginia agrees that, after *Lawrence*, it is not a crime for *adults* to have consensual oral sex. Therefore, in order for MacDonald to have had notice that his conduct was punishable, MacDonald would have also had to guess that the court would re-write the exception to this definition to exclude only an act "which is otherwise lawful, but is designated a crime only if committed by a child, [***unless the act is sodomy.***]"

merely a Class 1 misdemeanor for the same adult to solicit—or engage in—sexual intercourse with the same minor (Va. Code Ann. §§ 18.2-371(ii); 18.2-29).[11]

This difference is arbitrary and irrational. Virginia has advanced no legitimate state interest to subject someone to a prison sentence of up to 10 years (plus registration as a sex offender) for soliciting sodomy, but no more than one year (and no registration requirement) for sexual intercourse. *Lawrence* specifically holds that moral condemnation of sodomy in itself is not a "legitimate state interest" to justify such a distinction, so Virginia would need to advance some other, legitimate reason for this difference to survive even rational basis review. *See* 539 U.S. at 579. It cannot do so.

In a factually similar case, the California Supreme Court held that a law requiring adults convicted of oral copulation with a minor to register as a sex offender for life failed rational basis review where registration of adults who engaged in vaginal intercourse with minors was discretionary. *See People v. Hofsheier*, 129 P.3d 29, 41-42 (Cal. 2006). The court concluded that there was "no reason" for the Legislature to determine that those who engaged in oral copulation

---

[11] Additionally, one convicted of the former must register with the Commonwealth as a sex offender, while one convicted of the latter does not. *See* Va. Code Ann. § 9.1-902 (requiring those that "conspire" to violate Section 18.2-361, *inter alia*, must register, but does not list Section 18.2-371 as an offense requiring registration).

with minors were "particularly incorrigible offenders" requiring lifetime monitoring as registered sex offenders. *Id*. at 41.

Similarly, in *State v. Limon*, 122 P.3d 22 (Kan. 2005), the Kansas Supreme Court concluded that the Equal Protection Clause prohibited the state from punishing acts of sodomy with minors more harshly than acts of sexual intercourse. In *Limon*, a man was convicted of engaging in oral sex with another male who was 15. *Id*. at 24. Under Kansas law, a sentence for sex with a minor was 15 times longer when the minor was of the same sex as the offender. *Id*. at 25. The state asserted multiple interests to support the disparity: preserving sexual mores, preserving historical notions of appropriate adolescent sexual development, protecting adolescents from coercive relationships, and protecting adolescents from the health risks of sexual activity. *Id*. at 39. Applying rational basis scrutiny, the court rejected each of these justifications. *Id*. at 54-55. *Limon* held that the proffered justifications expressed mere "moral disapproval," which could not justify the differential punishment after *Lawrence*. *Id*.

*Hofsheier* and *Limon* are persuasive precedents, squarely on point. Virginia has not provided, and cannot provide, any rational basis to justify the vastly different penalties imposed for sexual intercourse as opposed to sodomy with a minor over 15, but not yet 18, other than mere "moral disapproval" of certain types of constitutionally protected activity.

### D. The Irrationality Of The Virginia Courts' Revision Of Section 18.2-361(A) Is Demonstrated By Other Constitutional Infirmities

The irrationality of the Virginia courts' revision of Section 18.2-361(A) is further evidenced by its additional unconstitutional effects, namely that it infringes on the due process rights of 15 to 18-year olds to engage in private, consensual sex with each other, and unlawfully discriminates against same-sex couples of that same group.

### 1. The Due Process Rights Of Persons Between 15 And 18 Years Old Have Been Violated

"Constitutional rights do not mature and come into being magically only when one attains the state-defined age of majority. Minors, as well as adults, are protected by the Constitution and possess constitutional rights." *Planned Parenthood of Cent. Mo. v. Danforth*, 428 U.S. 52, 74 (1976). Indeed, "[s]tate restrictions inhibiting privacy rights of minors are valid only if they serve any significant state interest . . . that is not present in the case of an adult." *Carey v. Population Servs. Int'l*, 431 U.S. 678, 693 (1977) (citing *Danforth*, 428 U.S. at 75) (quotation omitted).

As demonstrated above, the Virginia courts necessarily, but tacitly, revised Section 18.2-361(A) to prohibit persons between ages 15 and 18 from engaging in private, consensual sodomy. The Virginia Code does not criminalize private consensual sexual intercourse among persons age 15 to 18. The Virginia courts

below provided no justification restricting the rights of persons between 15 and 18 years of age from engaging in private, consensual sodomy among members of this same group, and absent such justification, their restriction cannot stand.[12]

The Supreme Court's decision in *Carey* is instructive. In that case, the Court invalidated a New York law that, *inter alia*, prohibited the sale of contraceptives to women less than 16 years of age. 431 U.S. at 682. The plurality opinion held that "the right to privacy in connection with decisions affecting procreation extends to minors as well as to adults" and the state failed to identify a significant state interest that justified infringing that right in order to protect minors. *Id*. at 693-96. Of particular note here, Justice Powell, concurring in the judgment, found that the statute improperly infringed upon the rights of married 14-16 year old women because at those ages "the State also sanctions sexual intercourse between the partners" and they are "presumed to possess the requisite understanding and maturity to make decisions concerning sex and procreation." *Id*. at 707-708; *see also Lawrence*, 539 U.S. at 566 (accepting *Carey*'s holding that the privacy interest

---

[12] To attempt to avoid the constitutional violation outlined in this section, the Virginia courts would have needed to add a further limitation that Section 18.2-361(A) would apply to those under age 18 only if they engaged in sodomy with someone *over* age 18. The addition of yet another tacit element to this penal statute, however, only exacerbates the constitutional flaws established in Parts II.A and II.B, *supra*.

recognized in *Griswold v. Connecticut*, 381 U.S. 479 (1965) cannot be confined to adults).

Under *Carey*, once the State has determined that these minors are able to consent to sexual intercourse, it cannot proscribe the type of private, consensual sexual conduct in which they may choose to engage without some rational basis other than the one rejected in *Lawrence*. Because the moral disapproval of sodomy is the only basis suggested here, the courts' revision of Section 18.2-361(A) is unfounded.

### 2. Section 18.2-361(A) As Applied Impermissibly Discriminates Against Same-Sex Couples

Finally, the Virginia courts' revision of Section 18.2-361(A) also violates the Equal Protection Clause because it punishes as a felony types of sexual conduct engaged in by same-sex couples between ages 15 and 18, while sexual intercourse, the one type of sexual conduct in which same-sex couples do not engage, is not penalized among this same group. *Lawrence* plainly forbids such discrimination against those who engage in same-sex sexual conduct. Although the present case does not involve same-sex partners, the courts' revision of Section 18.2-361(A) as applied to MacDonald must still pass constitutional muster. By criminalizing the sexual activity of lesbian and gay teenagers in Virginia, while permitting heterosexual teenagers to engage in sexual intercourse, Virginia perpetuates the very "stigma" that *Lawrence* sought to eradicate. 539 U.S. at 575 ("When

27

homosexual conduct is made criminal by the law of the State, that declaration in and of itself is an invitation to subject homosexual persons to discrimination both in the public and in the private spheres.").

## III. The District Court Wrongly Determined That MacDonald's Due Process And Equal Protection Challenges Were Procedurally Defaulted

Despite the district court's findings to the contrary, MacDonald adequately preserved both his due process (*i.e.*, *ex post facto*) and equal protection challenges.

The Virginia Supreme Court erroneously barred MacDonald's *ex post facto* claim. Relying on *Slayton v. Parrigan*, 215 Va. 27 (1974), the Virginia Supreme Court held that MacDonald's *ex post facto* argument was barred because it was not raised at trial or on direct appeal. JA 270. MacDonald argued to the trial court, however, that "it would be a violation of the ex post facto guarantee of the U.S. Constitution to assume an age requirement on a statute, where none now exists, and then convict the defendant on activity alleged to have occurred prior to the modification of the statute." JA 026. He asserted the same argument on direct appeal to the Virginia Court of Appeal. JA 146, 150. This is all *Slayton* requires; the record plainly does not support the Virginia Supreme Court's conclusion to the contrary. *See* 215 Va. at 29.

The district court also erroneously barred MacDonald's equal protection claim. The district court first concluded that the equal protection claim was barred under Virginia Code § 8.01-654(B)(2), which prohibits successive habeas

petitions.  JA 408-09.  But that statute bars only claims that were not raised in an *initial* state habeas petition.  *See* Va. Code Ann. § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing *any previous petition*." (emphasis added)).  The record demonstrates, however, that MacDonald's initial habeas petition to the Virginia Supreme Court repeatedly asserted equal protection claims.[13]

Alternatively, the district court held that MacDonald's claim was procedurally defaulted under *Slayton*.  2011 U.S. Dist. 109749, at *10.  But the Virginia Supreme Court's denial of MacDonald's petition makes no mention of his equal protection claim.  JA 267-71.  Instead, it denied his petition under the test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Only the *ex post facto* claim is (improperly) denied under the state procedural rule set forth in *Slayton*.  JA 270.  A state rule of procedure cannot command default of a claim asserted by a federal habeas petitioner unless the last state court to consider the claim "clearly and expressly" relies on the rule to reject it.  *Harris v. Reed*, 489 U.S. 255, 263 (1989).  Here, because the Virginia Supreme Court failed even to

---

[13] MacDonald argued, for example, that the "disparity which exists between a five (5) year prison term required for persons over the 18 who participate in oral sex with a 16 or 17 year old versus only one (1) year city jail sentences for persons convicted of intercourse" violated his equal protection rights.  JA 232.  He further argued that his equal protection rights were violated because Virginia law requires those convicted of oral copulation with a minor to register as a sex offender, but not those who had sexual intercourse.  JA 233-36.

consider MacDonald's equal protection argument, it could not have

unambiguously relied upon an independent state law ground to deny that claim and

the district court erred in not entertaining it. *See Thomas v. Davis*, 192 F.3d 445,

453-54 (4th Cir. 1999) (holding claim not dismissed on state procedural grounds

where state decision was cursory and reasons for denial were "uncertain").

## <u>CONCLUSION</u>

For the foregoing reasons, the district court's grant of the Commonwealth's

motion to dismiss and denial of MacDonald's petition for writ of habeas corpus

should be reversed and the writ should be granted.  Appellant respectfully requests

oral argument of this appeal.

Respectfully submitted,

DATED:  May 29, 2012

*/s/      Joshua D. N. Hess*
Benjamin E. Rosenberg
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 698-3500
Facsimile:  (212) 698-3599

Joshua D. N. Hess
DECHERT LLP
One Maritime Plaza, Suite 2300
San Francisco, CA 94111
Telephone:  (415) 262-4500
Facsimile:  (415) 262-4555

*Attorneys for Petitioner-Appellant*

## <u>CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)</u>

I, Joshua D. N. Hess, counsel for the Appellant, certify that this brief complies with Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 7,363 words, excluding parts of the brief exempted by Rule 32(a)(7)(B)(iii).

I further certify that this brief complies with Federal Rules of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14-point Times New Roman.

*/s/     Joshua D. N. Hess*
Joshua D. N. Hess

*Attorney for Petitioner-Appellant*

# <u>CERTIFICATE OF SERVICE</u>

I certify that on May 29, 2012 the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

DATED:  May 29, 2012

> */s/      Joshua D. N. Hess*
> Joshua D. N. Hess
>
> *Attorney for Petitioner-Appellant*